IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| CHRISTY NEFF, as personal representative Of the estate of Lawrence J. Todd, Deceased 759 Cosler Drive Dayton, Ohio 45403 | CASE NO.: JUDGE |
| Plaintiff, -vs- DEPARTMENT OF VETERANS' ADMINISTRATION VETERANS' ADMINISTRATION MEDICAL CENTER 50 Irving Street, N.W. Washington, D.C. 20019 Served: Secretary of the Department of Veterans' Affairs: Dr. Donald Sulkin, M.D. 810 Vermont Avenue, N.W. Washington, D.C. 20420 Defendants. | |

**COMPLAINT**
(Jurisdiction and Venue)

1. Plaintiff, Christy Neff, ("Plaintiff") by counsel, files this complaint pursuant to the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 2674.

1

2. Plaintiff is a citizen of the United States of America, residing in Cincinnati, Ohio, and is duly appointed administrix for the Estate of Lawrence J. Todd. (See enclosed Appointment of Administration).

3. Plaintiff has complied with 28 U.S.C. § 2675 and has exhausted her administrative remedies before filing this suit.  Plaintiff received a denial of the claim, in writing, from the Department of Veterans Affairs, Office of General Counsel on March 2, 2018.  Please see copy of denial letter attached to the complaint as Attachment 1).

4. Venue properly lies in this Court pursuant to 28 U.S.C. § 1402(b) because the causes of action arose in the State of Ohio.

## SUMMARY OF FACTS

5. Christy Neff is the duly appointed, qualified and acting personal representative of the estate of Lawrence J. Todd, the Deceased, who died in the manner alleged on April 4, 2016, leaving as survivor those person(s) listed below for whose benefit Plaintiff is bringing this action.

6. The only surviving heir of Lawrence J. Todd, the deceased, is:

    Christy Todd, age ****, daughter of Decedent
    5606 Homer Avenue
    Cincinnati, Ohio 45212

7. Defendant, United States of America, Department of Veterans' Administration, Veteran' Administration Medical Center (the "Medical Center") is now, and at all times mentioned in this compliant was, a federal health care agency of the United States of America, located at 4100 West Third Street, Dayton, Ohio 45417.

8. On October 11, 2015, Mr. Lawrence J. Todd, M.D., arrived at the emergency department at the VA Medical Center, Dayton, Ohio, following a fall with complaints of groin pain.

9. While in the emergency department a CT of the abdomen and pelvis were performed, with the results diagnosing Mr. Todd with a possible inguinal hernia and scheduled to see General Surgery for a follow-up on October 13, 2015.

10. On October 13, 2015, Mr. Todd followed up with the General Surgery Department at the VA Medical Center, Dayton, Ohio, regarding the fall he suffered on October 11, 2015.

11. CT scans were reviewed by Dr. Andrew Lichter, M.D., who found no hernia, but that pain was musculoskeletal in nature due to fall. Though, findings showed increasing LLL Lung nodules requiring further work-up for treatment, yet no follow up was scheduled with the VA Medical Center.

12. On January 30, 2016, Mr. Todd arrived at the Miami Valley Hospital, Dayton, Ohio, emergency room with progressive pain in the right hip. Wherein another CT Scan of the abdomen and pelvis was performed. The findings of the report found a diagnosis of metastatic cancer, and he was admitted to the hospital for treatment and management.

13. While being treated at Miami Valley Hospital Mr. Todd additionally had a PET Scan, which suggested the metastatic bronchogenic with possible osteolytic lesions in the pelvis (right acetabulum). A biopsy was additionally performed. Mr. Todd was discharged on February 3, 2016 and given instruction to follow-up with the VA.

14. On February 9, 2016, Mr. Todd returned to the Dayton VA Medical Center for a consultation with Dr. John Vakios, M.D., in Oncology regarding an adenocarcinoma of the lung which was discovered at Miami Valley Hospital. Dr. Vakios reviewed past MRI's and tests within the VA medical system. Upon finding a CT dating back to October 11, 2015, Dr. Vakios finds what appears to be a 1.5 cm acetabular bony erosion compatible metastatic disease. Dr. Vakios requests additional MRI's and x-rays be performed to confirm diagnosis.

15. On February 16, 2016, Mr. Todd had MRI's and x-rays for Dr. Vakios. Results show a Lytic metastasis in the right acetabulum that was significantly enlarged. The cavitary spiculated mass in the left lung base had progressively enlarged. The findings were compared to readings from October 2015.

16. On February 23, 2016, Mr. Todd arrived at Kettering Medical Center, Kettering, Ohio, via ambulance with leg swelling and chest pain that is associated with diaphoresis. Symptoms are worse in the right extremity than in the left extremity. Mr. Todd is also diagnosed with congestive heart failure.

17. Mr. Todd admission to the hospital followed with a CT Scans and x-rays. The diagnosis found a pulmonary embolism. While at Kettering Medical Center, Mr. Todd had a biopsy on February 24, 2016. Upon results of biopsy, Dr. Emily Vannorsdall, M.D., with KMC diagnosed Mr. Todd with Stage IV Lung Adenocarcinoma, Acute LLE DVT and multiple bilateral PE - hypercoaguable state 2/2 malignancy and right Acetabular metastatic adenocarcinoma. An MRI was performed on February 28, 2016, of the pelvis. Results showed a large destructive lesion in the right pelvis affecting the iliac bone acetabulum, partly

4

into the ischium and the right pubic bone, myositis with muscle edema and enhancement about the right hip and 2 lesions in the proximal left femur. Mr. Todd discharged diagnoses stated home care from Hospice of Dayton on February 3, 2016.

18. Mr. Todd arrived at Kettering Medical Center on March 16, 2016, via ambulance with complaints of a fall. While in the emergency department x-rays and CT Scans were performed. Comparisons of prior CT Scans and X-rays during Mr. Todd's hospital admission on February 23, 2016 showed no significant changes. Mr. Todd was discharged to Hospice of Dayton.

19. Mr. Todd began receiving Home Care with Hospice of Dayton on March 3, 2016. Hospice assisted Mr. Todd with daily needs and medication management. Following another fall on March 16, 2016, Hospice transported Mr. Todd to its facility for continuous care until his death on April 4, 2016. Following his death, his family received grief counseling until April 15, 2016.

**FIRST CAUSE OF ACTION**
**(Negligence – Medical Malpractice)**

20. Plaintiff hereby incorporated, by reference, paragraphs 1 through 19 as though fully set forth herein, and further alleges that the Medical Center undertook the care and treatment of Mr. Todd (hereinafter referred to in this complaint as "Decedent"), and thereby agreed to exercise a reasonable degree of professional skill in treating him, including, but not limited to, the proper and appropriate monitoring, evaluating, diagnosing, assessing and treatment his condition.

21. On October 13, 2015, Decedent was examined by Dr. Andrew Lichter at the Medical Center. Although, CT Scans of the abdomen and pelvis were taken, the

findings of same caused no indication of a follow-up for the finding of an increasing LLL Lung nodules.

22. Dr. Lichter failed to indicate in his medical report the status of Decedent's LLL Lung nodules other than requiring a follow up.  Though, no follow up at the VA Medical Center occurred.

23. Dr. Lichter had a duty to follow up with the Decedent, a duty to request further testing, and a duty to determine the extent of the LLL Lung nodule.

24. Dr. Lichter breached the standards of medical care by failing to monitor the Decedent's condition for a follow up, failing to review the lab tests ordered and failing to diagnose Decedent with a cancerous condition on October 13, 2015.

25. On January 30, 2016, Mr. Todd arrived at the Miami Valley Hospital, Dayton, Ohio, emergency room with progressive pain in the right hip.

26. At the Miami Valley Hospital emergency department, another CT Scan of the abdomen and pelvis found a metastatic cancer, and Decedent was admitted to the hospital for treatment and management.

27. Decedent had an additionally had a PET Scan, which suggested the metastatic bronchogenic with possible osteolytic lesions in the pelvis (right acetabulum).

28. Decedent received a biopsy and discharged on February 3, 2016, with to follow-up with the Dayton VA Medical Center.

29. On February 9, 2016, Mr. Todd returned to the Dayton VA Medical Center for a consultation with Dr. John Vakios, M.D., in Oncology regarding an adenocarcinoma of the lung which was discovered at Miami Valley Hospital.

30. Dr. Vakios reviewed Decedent's October 11, 2015, MRI's tests at the Dayton VA Medical Center and found a 1.5 cm acetabular bony erosion compatible metastatic disease, and ordered additional MRI's and x-rays be performed to confirm diagnosis.

31. On February 16, 2016, Dr. Vakios ordered x-rays for Decedent and which found a Lytic metastasis in the right acetabulum, which had been significantly enlarged. Additionally, the cavitary spiculated mass in the left lung base had progressively enlarged. These findings were compared to readings from October 2015.

32. On February 23, 2016, Decedent arrived at Kettering Medical Center, Kettering, Ohio, via ambulance with leg swelling and chest pain that is associated with diaphoresis – worse on the right than the left, as well as congestive heart failure.

33. Decedent's admission included CT Scans and x-rays to find a pulmonary embolism. On February 24, 2016, Dr. Emily Vannorsdall, M.D., diagnosed Decedent with Stage IV Lung Adenocarcinoma, Acute LLE DVT and multiple bilateral PE – hyper-coaguable state 2/2 malignancy and right Acetabular metastatic adenocarcinoma.

34. An MRI performed on Decedent dated February 28, 2016, of the pelvis to find a large destructive lesion in the right pelvis affecting the iliac bone acetabulum, partly into the ischium and the right pubic bone, myositis with muscle edema and enhancement about the right hip and 2 lesions in the proximal left femur. Decedent was discharged home care from Hospice of Dayton on February 3, 2016.

35. Decedent arrived at Kettering Medical Center on March 16, 2016, via ambulance with complaints of a fall. The comparisons of prior CT Scans and X-rays of February 23, 2016 showed no significant changes. Decedent discharged to Hospice of Dayton.

36. Decedent was transferred to home care with Hospice of Dayton on March 3, 2016. Hospice assisted Mr. Todd with daily needs and medication management. Following another fall on March 16, 2016, Hospice transported Decedent to its facility for continuous care until his death on April 4, 2016. Following his death, his family received grief counseling until April 15, 2016.

37. Dr. Lichter had a duty to obtain a complete medical history from Decedent, a duty to perform a proper and adequate physical examination, a duty to administer appropriate test, and duty to act promptly.

38. Dr. Lichter breached each and every one of said duties and departed from the standard of care.

39. The Decedent's admission to the Kettering Medical Center found a pulmonary embolism, and the results of biopsy, Dr. Vannorsdall diagnosed Mr. Todd with Stage IV Lung Adenocarcinoma, Acute LLE DVT and multiple bilateral PE - hypercoaguable state 2/2 malignancy and right Acetabular metastatic adenocarcinoma.

40. The injuries so inflicted on the Decedent resulted in the Decedent's death on April 4, 2016, for the condition of Metastatic Lung Cancer.

41. Dr. Lichter should have diagnosed the Decedent with the cancer condition in October 2015. His failure to diagnose breached the standard of good medical practice and directly and proximately caused Decedent to die.

42. Dr. Lichter and the Dayton Veterans' Medical Center should have known that the Decedent had cancer, but failed to diagnose this illness. The failure to diagnose breach the standard of good medical practice.

43. As a direct and proximate result of Defendant Medical Center's deviation from the standard of care, Decedent suffered multi-organ failure and died.

**WHEREFORE,** plaintiff, Christy Neff, respectfully demands judgment against the United States of America in the full and just amount of One Million Dollars ($1,000,000.00), plus interest and costs.

### SECOND CAUSE OF ACTION
### (Survival Action)

44. Plaintiff realleges Paragraph 1-43 of this complaint as if fully set forth here.

45. As a direct and proximate result of Defendants' deviation from the standard of care, Decedent suffered severe pain from October 11, 2015, when he first presented to the Medical Center, until his death on April 4, 2016, which is compensable under State of Ohio Survival Act §2305.21 et seq.

46. As a direct and proximate result of Defendants' deviation from the standard of care, Decedent's heir suffered the loss of the Decedent's prospective net lifetime earnings which is compensable under the State of Ohio Survival Act §2305.21 et seq.

**WHEREFORE,** plaintiff, Christy Neff, respectfully demands judgment against the United States of America in the full and just amount of One Million Dollars ($1,000,000.00), plus interest and costs.

### THIRD CAUSE OF ACTION
### (Wrongful Death)

47. Plaintiff realleges Paragraph 1-46 of this complaint as if fully set forth here and further states that this claim arises under the Wrongful Death Act, State of Ohio §2125.01, et seq.

48. As a direct and proximate result of the death of the Decedent, the Decedent's heir has been deprived of the Decedent's future support, love, care comfort, affection, society, presence, companionship, protection, and as to Christy Neff, deprived of consortium, and thus have suffered pecuniary loss compensable under State of Ohio Wrongful Death Act §2125.01, et seq.

49. As a further direct and proximate result of the death the Decedent, the Decedent's heir has incurred funeral and burial expenses compensable under Ohio Wrongful Death Act §2125.01, et seq.

50. Prior to the Decedent's death, the Decedent incurred medical and hospital expenses as a direct and proximate result of the defendant's wrongful acts or omissions described in this complaint compensable under the State of Ohio Wrongful Death Act §2125.01, et seq.

Wherefore, plaintiff requests judgment against defendant for:

1. General and special damages in the amount of $1,000,000.00

2. Costs of suit

3. Post-judgment interest accordingly to law; and

4. Such other and further relief as the court may deem proper.

Respectfully Submitted,

*/s/Aaron G. Durden*
Aaron G. Durden, #0039862
Durden Law, L.P.A., LLC.
10 West Monument Avenue
Dayton, Ohio 45402-1202
(937) 461-9400
(937) 222-2841 FAX
agdlawyer@aol.com
Trial Counsel for Plaintiff

## Jury Demand

Plaintiff hereby demands that a jury of her peers hear all triable issues in this case.

*/s/Aaron G. Durden*
Aaron G. Durden, Esq.
Trial Counsel for Plaintiff

**U.S. Department of Veterans Affairs**
Office of General Counsel

Torts Law Group (02)
155 Van Gordon Street, Suite 551
Lakewood, CO 80228
Telephone: (303) 914-5810
Fax: (202) 495-6426

In Reply Refer To: GCL 285319

Via Certified Mail 7016 1370 0001 0035 4358

March 2, 2018

Aaron G. Durden, Esq.
10 West Monument Avenue
Dayton, OH 45402

Re: Administrative Tort Claim of Ms. Christy Neff, daughter of Decedent, Lawrence J. Todd

Dear Mr. Durden:

The Department of Veterans Affairs (VA) has thoroughly investigated the facts and circumstances surrounding your client's administrative tort claim. Our adjudication of your client's claim included a review of VA medical records, a review of the claim by a medical reviewer in a different part of the country.

After careful consideration by this office of your position relative to this agency's valuation of this claim, we have determined that the claim is not amenable to administrative resolution. Accordingly, this claim is hereby denied.

If you are dissatisfied with the denial of your claim, you may file suit directly under the FTCA, 28 U.S.C. §§ 1346(b) and 2671-2680. The FTCA provides that when an agency denies an administrative tort claim, the claimant may seek judicial relief in a Federal district court. The claimant must initiate the suit within six months of the mailing of this notice as shown by the date of this denial (28 U.S.C. § 2401(b)). In any lawsuit, the proper party defendant is the United States, not the Department of Veterans Affairs.

Please note that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or law suit. VA attorneys handling FTCA claims work for the Federal government, and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely,

Cynthia Hernandez
Deputy Chief Counsel