UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHRISTY NEFF, personal representative of
the Estate of Lawrence J. Todd, deceased,

    Plaintiff,                                             Case No. 3:18-cv-73

vs.

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,                        District Judge Walter H. Rice
                                                                Magistrate Judge Michael J. Newman

    Defendant.

---

**ORDER AND ENTRY: (1) DENYING DEFENDANT'S MOTION TO LIMIT THE
SCOPE OF DISCOVERY (DOC. 16); AND (2) DENYING DEFENDANT'S MOTION TO
STAY DISCOVERY (DOC. 17) AS MOOT**

---

This civil case is before the Court on Defendant's motion to limit the scope of discovery. Doc. 16.[1] Defendant filed this motion following a discovery conference held by the Court on June 26, 2019 (doc. 13), after which the undersigned ordered simultaneous briefing on the discovery issues presented (doc. 14). As ordered, Plaintiff simultaneously filed a brief opposing Defendant's motion to limit the scope of discovery. Doc. 15. The Court has carefully considered the foregoing, and Defendant's motion is ripe for decision.

I.

Plaintiff, who is the personal representative of the estate of Lawrence J. Todd, filed this wrongful death and survival action on March 13, 2018 asserting medical malpractice claims under

---

[1] Defendant also filed a motion to stay discovery while the Court considered the underlying motion to limit the scope of discovery. Doc. 17. Defendant's motion to stay discovery is **DENIED** as moot. If Defendant believes additional time is needed to complete discovery, the Court will entertain a separate motion in that regard.

the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2674, against the Dayton Veterans Affairs ("VA") Medical Center in Dayton Ohio (hereinafter "Dayton VA"). Doc. 1.

Plaintiff alleges that Todd received emergency care at the Dayton VA on October 11, 2015 for groin pain he suffered after a fall. Doc. 1 at PageID 3. On that date, Todd underwent a CT scan of the abdomen and pelvis at the Dayton VA, was diagnosed with a possible inguinal hernia, and was scheduled for follow-up care on October 13, 2015 with the General Surgery Department at the Dayton VA. *Id*.

During Todd's follow-up treatment on October 13, 2015, Andrew Lichter, M.D. allegedly reviewed Todd's CT scans and concluded that Todd suffered no hernia and, instead, concluded that Todd's pain was musculoskeletal in nature. *Id*. Plaintiff alleges that, although the CT scan purportedly showed "increasing LLL Lung nodules requiring further work-up for treatment," no follow-up treatment was scheduled at the Dayton VA at that time. *Id*.

Thereafter, on January 30, 2016, Todd purportedly sought emergency treatment at Miami Valley Hospital in Dayton, Ohio complaining of progressive right hip pain. *Id*. A CT scan of Todd's abdomen and pelvis at that time allegedly revealed the spread of cancer cells to that region of his body and a PET scan suggested metastatic bronchogenic (lung) adenocarcinoma. *Id*. Todd was discharged from Miami Valley Hospital on February 3, 2016 and was told to follow-up with treatment at the Dayton VA. *Id*.

Todd returned to the Dayton VA on February 9th for a consultation with John Vakios, M.D. in the Dayton VA Oncology Department, who, in reviewing Todd's October 11, 2015 CT scan, allegedly found evidence that was consistent with metastatic disease, *i.e.*, the spread of cancer in Todd's body. *Id*. at PageID 4. Subsequent imaging performed at the Dayton VA on February 16, 2016 revealed a lesion in Todd's right hipbone socket that further evidenced the spread of

cancer cells. *Id*. at PageID 4. Plaintiff alleges no other treatment received by Todd at the Dayton VA after February 16, 2016. *See generally* doc. 1.

Subsequent treatment of Todd at Kettering Medical Center in Kettering, Ohio apparently revealed a worsening of his condition, including diagnosis of congestive heart failure and a pulmonary embolism, in addition to the worsening of his cancer. *Id*. at PageID 4-5. Ultimately, Todd began hospice care and died on April 4, 2016. *Id*. at PageID 5.

Plaintiff, in this medical malpractice survival and wrongful death action, now alleges that Dr. Lichter breached the duty of care owed to Todd by failing to obtain a complete medical history, failing to perform a proper and adequate physical examination, failing to administer appropriate medical testing, and failing to act promptly. *Id*. at PageID 8. Ultimately, Plaintiff alleges that, because of such failures, Todd should have been diagnosed with cancer in October 2015 following his consultation/examination with Dr. Lichter, and that the failure to so diagnose such condition led to Todd's premature death. *Id*. at PageID 9.

**II.**

After the filing of the complaint, the Court issued a Preliminary Pretrial Order setting a number of pretrial deadlines including, *inter alia*, a March 10, 2019 deadline for making expert witness disclosures, and a July 30, 2019 deadline for concluding discovery. Doc. 6 at PageID 32. The discovery deadline was subsequently extended until September 13, 2019. Doc. 14. According to Defendant, Plaintiff disclosed a report of her expert, David Reisman, M.D., Ph.D., on December 24, 2018. *See* doc. 16-1 at PageID 60-65. That report largely details Todd's medical treatment after October 11, 2015, with one significant exception: a reference to a "previous CT scan from 2011" and "CT studies" thereafter showing the increasing size of a pulmonary nodule. *Id*.

Specifically, Dr. Reisman states in his report that:

3

> On 10/11/2015, patient called the VA medicine clinic for acute right hip pain which began 3 weeks prior. Patient was triaged to the ER to rule out a leg blood clot (DVT). Patient presented to the VA ER because of acute right groin pain on 10/11/2015 where a CT scan was performed that showed 1.9 cm increasing pulmonary nodule without evidence of metastatic disease. This nodule had increased in size on CT studies as compared to a previous CT scan from 2011.

Doc. 16-1 at PageID 61. Thereafter in his report, Dr. Reisman essentially opines, *inter alia*, that medical professionals at the Dayton VA should have recognized the growing nodule, performed certain testing, and identified/diagnosed Todd's cancer in October 2015. *Id.* at PageID 64. Dr. Reisman further concludes that, had Todd's condition been diagnosed at that time, he "would have had at least 12 months of increased survival as well as more effective pain control." *Id.*

Defendant subsequently deposed Dr. Reisman on June 10, 2019. *See* doc. 16 at PageID 54. Defendant contends that Dr. Reisman, during his deposition, included opinions not previously disclosed in his report by referencing and relying on treatment Todd received as early as 2011. Doc. 16 at PageID 56. Specifically, Defendant references a document appearing to be Dr. Reisman's notes that were disclosed during his deposition -- presumably by Dr. Reisman himself -- wherein Dr. Reisman suggests that the Dayton VA was negligent in failing "to recognize that nodule . . . enlarged between 12/2011 and 11/2013" and, perhaps, also negligent by not thereafter closely following-up with "serial" CT scans on a routine basis. Doc. 16-2 at PageID 66.

Defendant argues that, insofar as Dr. Reisman now appears to opine that medical professionals at the Dayton VA were negligent at some time before October 2015, such new opinions not only exceed the scope of the opinion advanced in his report, but also the scope of the claims asserted by Plaintiff in the complaint (and, perhaps, the scope of claim that was administratively exhausted). As a result, Defendant filed the instant motion requesting that the Court "limit discovery to . . . acts occurring on or after October 11, 2015" and further requesting

a stay of discovery pending resolution of the discovery dispute. Doc. 16 at PageID 58; *see also* doc. 17.

Because Defendant's motion requests only a limiting of the scope of discovery -- and not a dispositive ruling on the scope of Plaintiff's claims or the proper scope of Dr. Reisman's ultimate trial testimony -- the undersigned makes no finding regarding the extent of the claims pled or the opinions advanced in Dr. Reisman's report. Instead, the undersigned's ruling concerns only the scope of discovery.

In that regard, the undersigned finds that, even assuming, *arguendo*, the claims asserted in the complaint and Dr. Reisman's opinion are limited to the alleged medical negligence occurring no earlier than October 11, 2015 -- *i.e.*, negligence in the form of, *inter alia*, the failure to diagnose and or identify Todd's condition -- Todd's treatment and imaging scans dating back to 2011 nevertheless would be relevant to the claims asserted. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff alleges that medical professionals at the Dayton VA, including Dr. Lichter, should have reviewed Todd's medical history, which includes CT scans dating back to 2011, and properly identified the cancerous condition that, allegedly, resulted in his premature death. *See* doc. 1 at PageID 5-9.

Further, Defendant can hardly assert surprise at this point regarding Dr. Reisman's reliance on Todd's pre-October 2015 medical records and treatment in forming his opinion. Dr. Reisman clearly notes in his expert report -- again, a report disclosed to Defendant in December 2018 -- that the CT scan taken on October 11, 2015 showed a pulmonary nodule that "had increased in size ***on CT studies as compared to a previous CT scan from 2011***." Doc. 16-1 at PageID 61 (emphasis added). Thus, Dr. Reisman's expert report placed Defendant on notice that he considered Todd's CT scans dating back to 2011 in forming his opinions in this case. Doc. 16-1 at PageID 61. As a

result, the undersigned sees no basis to limit the scope of discovery to Todd's medical records and treatment on and after October 11, 2015.

## III.

Based on the foregoing, Defendant's motion to limit the scope of discovery (doc. 16) is **DENIED**.

**IT IS SO ORDERED.**

Date:  September 17, 2019           s/ Michael J. Newman
                                                         Michael J. Newman
                                                         United States Magistrate Judge