UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHRISTY NEFF,

    Plaintiff,                              Case No. 3:18-cv-73

vs.

DEPARTMENT OF
VETERANS AFFAIRS, *et al*.,        District Judge Walter H. Rice
                                         Magistrate Judge Michael J. Newman

    Defendants.

_____

### AMENDED MEDIATION ORDER
_____

This case is referred to the undersigned for mediation. The undersigned sets this case for mediation to be conducted by video and telephone conference commencing at **9:30 a.m.** on **August 7, 2020**. The undersigned will first speak to Plaintiff, and will speak to Defendant at **11:00 a.m.** on **August 7, 2020**. The undersigned will provide video and telephone conference instructions to each party prior to the mediation date. The mediation is governed by S. D. Ohio Civ. R. 16.3(c).

**Agreement to Attend and Participate in Good Faith**

Participation in mediation is entirely voluntary.  Unless the parties file a notice vacating the mediation on or before **July 31, 2020**, the parties **AGREE** to be bound as follows:

1. Any party may seek to unilaterally vacate the mediation at any time before it commences.  In the absence of extraordinary or unforeseen circumstances, a party requesting to vacate the mediation after **July 31, 2020** agrees to pay the reasonable costs and fees incurred by all other parties that relate to the mediation (such as preparation time and travel).

2. Each party is **REQUIRED** to attend the mediation with trial counsel.  If the party is a business or governmental entity, such party **shall** have a representative attend the mediation session along with trial counsel.

3. If a party has insurance and involvement of the insurance provider is necessary to settle the case, an insurance company representative **shall** attend the mediation along with the named party/representative and trial counsel.

4. Unless otherwise permitted by the Court, each party **shall** have individuals with "complete settlement authority" present at the mediation. An individual has "complete settlement authority" if that person is fully authorized to approve a settlement and has the power to change the party's settlement posture during the course of the mediation. If the party representative has a limit or "cap" on his or her authority which would require consultation with others, including superiors at a corporate office, this requirement **is not satisfied**.

5. The Court expects all who participate in the mediation -- including but not limited to counsel, the parties, and insurance representatives -- to comply with all of the foregoing and to participate in settlement negotiations in good faith. Failure to comply with any provision set forth this Order amounts to a refusal to attend and participate in the mediation in good faith, and the parties agree and consent that the undersigned may sanction any party, attorney, insurance representative, or other mediation attendee under Fed. R. Civ. P. 16(f) and S.D. Ohio Civ. R. 16.3 for breaches of this Order. This Order constitutes the notice contemplated by S.D. Ohio Civ. R. 16.3.

6. During the time set for mediation, the Court anticipates that all essential attendees will have no significant calendar conflicts -- including flight arrangements -- that will require such attendee to leave the mediation prematurely.

**Preparation for Mediation**

Not later than **July 3, 2020**, each party is **ORDERED** to simultaneously exchange (by email) a Mediation Statement, not to exceed 10 pages, and copy the undersigned's Chambers[1] stating:

(1) The party's position;

(2) Factual and legal issues, including any relevant case law;

(3) Damages; and

(4) Settlement negotiation history of the case, including a recitation of any specific demands and offers/counter-offers conveyed to date.

---

[1] All communications with Chambers as required by this Order shall be submitted to newman_chambers@ohsd.uscourts.gov.

The parties may reference certain filings on the Court's docket (such as motions) in the Mediation Statement but shall <u>not</u> mail, email, or otherwise send such filings to the undersigned.

Although each party shall exchange Mediation Statements, the parties may submit to Chambers (by email) other information or important documents that will assist the undersigned in mediating this case. Such other information or appropriate documents submitted to the undersigned only, will not be shared with the other party, and will only be used to assist the mediator in understanding the parties' respective positions. Mediation Statements, other information, associated documents will be maintained by the Court separate and apart from the case file.

### Proposed Settlement Terms and Response

It is the undersigned's expectation that all parties coming to mediation have engaged in some settlement negotiations in advance of the scheduled mediation.  In that regard, the undersigned expects that all plaintiffs coming to mediation have, at the very least, communicated an initial demand to all defendants, and that all defendants, at the very least, have communicated a counteroffer to plaintiffs.  To the extent the parties in this case have not done so to date, they are hereby **ORDERED** to do so forthwith.

In an effort to facilitate meaningful settlement discussions during the Court's time, Plaintiff is **ORDERED** to separately submit a document titled "Proposed Settlement Terms" containing the essential terms demanded before 5:00 p.m. on **July 16, 2020**.  Plaintiff's Proposed Settlement Terms shall be emailed to Chambers and all counsel of record.  This document should reflect only the <u>essential terms</u> of a settlement agreement -- including a sum specific if money damages are demanded -- not a detailed final settlement and release agreement.[2]  Plaintiff's "Proposed

---

[2] Should this case ultimately settle, the parties will subsequently negotiate and formulate a more formal, final settlement and release agreement outside the presence of the Court.

3

Settlement Terms" should not reflect the same terms communicated to Defendants in Plaintiff's initial demand.

Defendants are **ORDERED** to separately submit to Chambers (by email) and counsel for Plaintiff a Response to the Proposed Settlement Terms ("Response") addressing each essential term demanded by Plaintiff before 5:00 p.m. on **July 30, 2020**. If Plaintiff has demanded a sum specific in the Proposed Settlement Terms, Defendants' Response shall counter with a sum specific in the Response. Defendants' Response should not reflect the same offer originally communicated to Plaintiff in response to the initial demand.

Plaintiff shall arrive at the mediation prepared to immediately reply to Defendants' Response to the Proposed Settlement Terms.

### Pre-Mediation Phone Conference

The undersigned sets this case for a pre-mediation telephone conference with counsel on **July 31, 2020** at **11:00 a.m.** Counsel shall call: 1-888-278-0296, enter access code 2725365, security code 123456, and wait for the Court to join the conference.

**IT IS SO ORDERED.**

Date:  June 9, 2020                              /s/Michael J. Newman
                                                 Michael J. Newman
                                                 United States Magistrate Judge